Michael GANSAS, Plaintiff–Appellant,

v.

CITY OF NEW YORK and New York City Department of Transportation, Defendants–Appellees.

Michael Gansas, Plaintiff–Appellant,

v.

City of New York, Michael Bloomberg, as Mayor of the City of New York and Iris Weinshall–Schumer, as Commissioner of the New York City Department of Transportation, Defendants–Appellees,

Patrick Ryan and Marine Beneficial Association (AFL–CIO), Defendants.

Nos. 06–3656–cv, 06–3653–cv.

United States Court of Appeals, Second Circuit.

June 21, 2007.

William R. Bennett, Bennett, Giuliano, McDonnell & Perrone, LLP, New York, N.Y., for Plaintiff–Appellant.

Kristin M. Helmers (Alan G. Krams, of counsel), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y., for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant, Michael Gansas, was an employee of the New York City Department of Transportation ("DOT") and the captain of a Staten Island Ferry that collided with a pier on October 15, 2003. There were fatalities, and the accident generated civil and criminal investigations and civil actions seeking damages.

### I

Gansas asked New York City's Corporation Counsel to provide him, pursuant to New York General Municipal Law ("GML") § 50–k(3), with counsel and indemnification in various proceedings related to the accident. Between October and December 2003, Corporation Counsel (1) denied Gansas's request for counsel, on the ground that, because Gansas had failed to cooperate in an administrative investigation and in the City's own defense, he was not entitled to representation, and (2) informed him that his indemnification request was premature, because indemnification decisions are made only after the facts are determined.

On February 2, 2005, Gansas brought, in the United States District Court for the Eastern District of New York (Korman, J.), the lawsuit at issue in No. 06–3656–cv. Gansas argued, in relevant part, that under GML § 50–k, he was entitled to representation and indemnification. Judge Korman granted defendants' motion for summary judgment, on the ground that Gansas's suit, which was brought nearly fourteen months after the decisions of

which Gansas complained, was barred by the four-month statute of limitations applicable to Article 78 proceedings. *Gansas v. City of New York, et al.*, No. 05–601 (E.D.N.Y. July 21, 2006) (Korman, *J.*)

█ Gansas argues, instead, that an eighteen-month statute of limitations should apply. While we are inclined to agree with Judge Korman that the four-month limitation period was the correct one, we do not need to decide the question. It is clear from the record that the actions by Corporation Counsel, in denying Gansas's request for counsel, and in declining to act on Gansas's indemnification request at the particular time, were neither arbitrary nor capricious. Under the circumstances, Gansas's suit, even if it were timely, would be meritless.

## II

In addition to being denied representation and indemnification for his alleged refusal to cooperate with investigators and City attorneys, Gansas faced disciplinary proceedings. The DOT gave Gansas two pre-termination hearings and, upon deciding to fire him, offered him a post-termination hearing. Gansas, through his union counsel, undisputedly waived that opportunity, and instead decided to pursue arbitration. The arbitration was to be impartial and conducted before the Office of Collective Bargaining and in accord with that office's Consolidated Rules. The union and Gansas agreed, however, that the union would be authorized to terminate the arbitration if Gansas pled guilty to a crime.

Shortly thereafter, Gansas was indicted by the U.S. Attorney for the Eastern District of New York, for a false statement he had allegedly made to government investigators about the crash. In August 2004, Gansas and the U.S. Attorney's Office entered into a Deferred Prosecution Agreement, in which Gansas admitted that he had made statements about the accident with the knowledge that they were false. In exchange for Gansas giving up, *inter alia*, his maritime licenses and permits, the U.S. Attorney agreed to recommend that prosecution for Gansas be deferred for three years, and, if Gansas was in full compliance with all of the obligations of the Agreement, the United States would seek dismissal with prejudice of the indictment and would not bring further charges.

The union believed that this admission triggered its termination agreement, and so decided not to proceed to arbitration challenging the DOT's termination of Gansas's employment. Later, Gansas's attorneys argued that they had not been consulted, and that Gansas himself had not consented to the termination of the arbitration. Gansas eventually initiated the lawsuit at issue in No. 06–3653–cv.

Gansas's complaint alleged (1) that he was entitled to a post-termination hearing—and not just to an "opportunity" to have one—and that, therefore, the government violated his due process rights by failing to provide it, and (2) that the union breached its duty of fair representation. Importantly, Gansas's complaint did not allege that the government played any role in the union's decision. In fact, any allegation of conspiracy between the DOT and the union would seem to be inconsistent with the complaint's assertion that the union simply made a mistake. *See* Compl. ¶ 60("Gansas never pled guilty to a crime, but [union counsel], without consulting with Gansas or his counsel, *believed he pled guilty to a crime and waived Gansas' right of arbitration.*" (emphasis added)).

█ In a careful and thorough opinion, Judge Glasser dismissed, pursuant to Rule 12(b)(6), Gansas's complaint in its entirety. As to the claim against the union, Judge

Glasser held that it was untimely.[1] And with respect to Gansas's procedural due process claim, Judge Glasser explained that the *opportunity* to have a post-termination hearing—which Gansas's union counsel waived—was enough to satisfy the government's procedural due process obligations. It was true that Gansas thought the impartial arbitration would substitute for his post-termination hearing rights. But, as Judge Glasser explained, the arbitration rights were terminated by the union, and so while Gansas might have brought a timely claim against the union, this did not give Gansas a claim against the government. *Gansas v. City of New York, et al.*, No. 05–5484, 2006 WL 2166869, at *7 (E.D.N.Y. July 31, 2006) (Glasser, *J.*) ("To hold otherwise would allow the nonsensical result that a terminated employee, offered an adversarial hearing or the equivalent grievance procedure, could waive his right to a hearing, abandon his efforts at arbitration, and then file a claim against the City for a due process violation.").

### III

We have considered Gansas's arguments and find them to be unpersuasive. For substantially the reasons given by the district courts, we hold (1) that summary judgment was properly granted in No. 06–3656–cv, and (2) that the complaint was properly dismissed, pursuant to Rule 12(b)(6), in No. 06–3653–cv. Accordingly, the judgments of the district courts are AFFIRMED.

---

1. Gansas does not appeal from this holding.